**INTERNATIONAL UNION OF ELEVATOR CONSTRUCTORS, et al.**

v.

**The HOME ELEVATOR COMPANY, INC.**

No. IP 84–1154–C.

United States District Court, S.D. Indiana, Indianapolis Division.

July 12, 1985.

Brian A. Powers and Francis J. Martorana of O'Donoghue & O'Donoghue, Washington, D.C., and William R. Groth of Fillenwarth, Dennerline, Groth & Baird, Indianapolis, Ind., for plaintiffs.

James S. Downing of Peterson, Haramy, Cline & Shoup, Indianapolis, Ind., for defendant.

## ORDER

STECKLER, District Judge.

This matter is before the Court on defendant's motion to dismiss plaintiffs' claim for breach of a collective bargaining agreement brought pursuant to § 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185(a). Defendant contends that the Court lacks jurisdiction over plaintiffs' claims arising after the expiration of the collective bargaining agreement and that plaintiffs' claims are time barred. Defendant also has filed a motion for enlargement of time within which to respond to plaintiffs' first set of interrogatories.

Plaintiffs allege that in November 1977 they entered into an agreement with defendant which bound the parties to a collective bargaining agreement between the National Elevator Industry, Inc. and the international union. The agreement expired July 8, 1982. Plaintiffs and defendant began negotiations for a successor agreement in January 1983 but reached an impasse on March 4, 1983. During these negotiations, plaintiffs learned that defendant had not paid the wage rates set forth in the agreement. Subsequently, plaintiffs filed this § 301 action on August 1, 1984. Plaintiffs seek an accounting of all hours worked and money paid to defendant's employees under the agreement from November 1979 to March 1983. Plaintiffs also request specific performance, damages in the amount owed the employees under the agreement plus interest, costs, and attorney fees.

Defendant first argues that the Court lacks subject matter jurisdiction over plaintiffs' claims for the period after July 8, 1982 because the agreement had expired. Thus, without an existing contract the Court would not have jurisdiction under § 301. Plaintiffs respond that federal law requires an employer to maintain the status quo during negotiations and, therefore,

the contract continued to exist until March 1983 when the parties reached the impasse.

When a complaint alleges the existence of a contract between a union and an employer, the Court has jurisdiction to decide whether the contract does exist. *Baker v. Fleet Maintenance, Inc.,* 409 F.2d 551 (7th Cir.1969). Because the issue presented here is whether the collective bargaining agreement continued to exist after its termination date due to the parties' negotiations, the Court does have jurisdiction. However, the issue need not be resolved because the Court finds that plaintiffs' claims are untimely.

■ Defendant argues that the six-month statute of limitations, established in *DelCostello v. Teamsters,* 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983) for hybrid § 301/fair representation suits, should be applied in regular § 301 actions. Plaintiffs argue that *DelCostello* is an exception to the general rule that the most analogous state law statute should be used. *UAW v. Hoosier Cardinal Corp.,* 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Thus, plaintiffs contend that Indiana's six-year limitations period, Ind.Code § 34–1–2–1, is the applicable statute of limitations for their action.

This question is one of first impression in this circuit. After extensive research and careful consideration of the parties' arguments, the Court concludes that the six-month statute of limitations in 29 U.S.C. § 160(b) is the most applicable limitations period and the most conducive to federal labor policy. *See Federation of Unions v. Westinghouse,* 736 F.2d 896 (3d Cir.1984).

Although the Court in *DelCostello* did not overrule *Hoosier Cardinal,* this Court believes that, if presented with the issue, the Court would apply the six-month statute to a § 301 case also. *See* 462 U.S. at 158 n. 12, 103 S.Ct. at 2287 n. 12. Straightforward § 301 claims, although distinguishable from the hybrid suit in *DelCostello,* still are subject to the federal labor policy of promoting quick resolutions and private settlements of disputes to avoid industrial strife. This policy is especially relevant when the collective bargaining agreement provides for binding arbitration, as did the one involved here. Thus, contrary to plaintiffs' assertions, the Court finds the arbitration clause in this contract very relevant in arriving at the applicable limitations period.

■ First, this case does differ from *Hoosier Cardinal* because the agreement in *Hoosier* did not require the parties to submit disputes to arbitration. 383 U.S. at 705 n. 7, 86 S.Ct. at 1113 n. 7. *See DelCostello,* 462 U.S. at 162, 103 S.Ct. at 2289. Second, private resolution of disputes, if agreed upon by the parties, is at the heart of federal labor policy. "Final adjustment by a method agreed upon by the parties is declared to be the desirable method for settlement of grievance disputes arising over the application or interpretation of an existing collective-bargaining agreement." 29 U.S.C. § 173(d). The method of dispute resolution chosen by the parties is not to be usurped by the courts. *Hines v. Anchor Motor Freight, Inc.,* 424 U.S. 554, 562, 96 S.Ct. 1048, 1055, 47 L.Ed.2d 231 (1976). Furthermore, if a party has not invoked the grievance procedure before coming to federal court, the claim must be dismissed. *Republic Steel Corp. v. Maddox,* 379 U.S. 650, 85 S.Ct. 614, 13 L.Ed.2d 580 (1965); *Chicago Area Vending v. Local Union No. 761,* 564 F.Supp. 1186 (N.D.Ill.1983).

■ Here, plaintiffs decided to forego the arbitration procedure and chose to institute this suit over sixteen months after they discovered defendant's noncompliance with the wage provisions of the contract. Neither this procedure nor the application of a six-year statute of limitations comports with federal labor policy. State statutes of limitations are not to be applied if they conflict with federal policy. *DelCostello,* 462 U.S. at 161–62, 103 S.Ct. at 2289; *Vallone v. Local Union No. 705, Intern. Broth.,* 755 F.2d 520, 521 (7th Cir. 1984).

Another factor which led the Court in *DelCostello* to apply the six-month limitation was the similarity between a breach of

the duty of fair representation and an unfair labor practice under § 8 of the National Labor Relations Act. Section 301 suits often resemble unfair labor practices also. *See Westinghouse*, 736 F.2d at 900. In fact, plaintiffs rely on § 8 and its case law in arguing that the collective bargaining agreement remained in existence during the negotiation period. Thus, as in *DelCostello*, the most analogous limitations period for this action is the six-month period in 29 U.S.C. § 160(b).

Moreover, the application of the six-month statute will promote uniformity in federal labor law. The Court in *Hoosier Cardinal* addressed the desirability of a uniform limitations period but found it not to be a controlling concern. 383 U.S. at 702, 86 S.Ct. at 1111. A review of the subsequent cases, however, emphasizes the desirability of a uniform limitations period for § 301 cases. *See, e.g., United Brotherhood of Carpenters & Joiners v. FMC Corp.*, 724 F.2d 815 (9th Cir.1984) (twenty-day limitations period applied to union action to set aside arbitration decision); *Derwin v. General Dynamics Corp.*, 719 F.2d 484 (1st Cir.1983) (six- or twenty-year limitations period could be applied to union action to confirm arbitration award); *Intern. Union of Elec., Radio v. Ingram Mfg.*, 715 F.2d 886 (5th Cir.1983) (four-year limitations period applied to union action to enforce arbitration award); *Province v. Cleveland Press Pub. Co.*, 571 F.Supp. 855 (N.D.Ohio 1983) (six-year limitations period applied to employees' § 301 action against employer).

In this circuit, the six-month period has been applied to §§ 411 and 412 claims by employees against their union, *Vallone*, 755 F.2d at 522, and to § 301 claims by an employee against an employer. *Oglesby v. R.C.A. Corp.*, 752 F.2d 272 (7th Cir.1985). *See DelCostello*, 462 U.S. at 158 n. 12, 103 S.Ct. at 2287 n. 12. This Court sees no reason to distinguish between a § 301 claim by an employee and one by a union. In all likelihood, a union will be in a better position to institute a § 301 action more quickly than individual employees, who may be unsophisticated in collective bargaining matters and unfamiliar with legal procedures. *See DelCostello*, 462 U.S. at 166, 103 S.Ct. at 2291. Furthermore, a § 301 action by the union is often done on behalf of individual employees. Thus, to invoke a different limitations period based on who is bringing the action rather than on the cause of action itself is illogical and contrary to common law principles. *See International U., U.A., A & A.I. Wkrs. v. Hoosier Cardinal Corp.*, 235 F.Supp. 183 (S.D.Ind.1964), *aff'd*, 346 F.2d 242 (7th Cir. 1965), *aff'd*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966).

The six-month limitations period of 29 U.S.C. § 160(b) is the most analogous time period for § 301 suits by unions. At the same time, the six-month period serves the federal labor policy of quick dispute resolution. The application of § 160(b) also will promote uniformity in labor law actions and among various potential litigants in § 301 suits. Therefore, the Court concludes that the six-month statute of limitations should be applied to this action.

Plaintiffs' complaint alleges that they discovered defendant's noncompliance with the collective bargaining agreement during negotiations for a new contract. These negotiations took place between January 14, 1983 and March 4, 1983. Thus the latest date on which the six-month statute could have begun to run was March 4, 1983. Plaintiffs did not file this lawsuit until August 1, 1984. Consequently, their action is barred.

Defendant has requested an extension of thirty days from the date of this ruling in order to respond to plaintiffs' discovery request. Because plaintiffs' claims are being dismissed, the motion is moot.

By reason of the foregoing, IT IS ORDERED that defendant's motion to dismiss is GRANTED. Plaintiffs' claims are dismissed for failure to state a claim. Fed.R. Civ.P. 12(b)(6).

IT IS SO ORDERED.