818 F.2d 866
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 INTERNATIONAL UNION, UNITED AUTOMOBILE, AEROSPACE &
AGRICULTURAL IMPLEMENT WORKERS OF AMERICA (UAW),
LOCAL 1298, Plaintiff-Appellant,
v.
ZELLER CORPORATION, Defendant-Appellee.
 
 No. 86-3326.
 United States Court of Appeals, Sixth Circuit.
 May 15, 1987.
 Before MARTIN, JONES and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Plaintiff UAW appeals the district court's dismissal of its action filed under section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. Sec. 185, alleging that defendant Zeller Corporation breached the parties' collective bargaining agreement. Because the district court erred in finding this "straightforward" section 301 action barred by the six-month statute of limitations set forth in section 10(b) of the LMRA, 29 U.S.C. Sec.l60(b), we reverse and remand for further proceedings.
 
 I.
 
 2
 The UAW filed this action on May 17, 1985, alleging that Zeller breached the following provision of the parties' collective bargaining agreement:
 
 
 3
 In addition to the foregoing, the products to be manufactured, the location of the plants, subcontracting, the schedules of production, incentive plans, and the methods, processes, and means of manufacturing are solely and exclusively the responsibility of the Company.
 
 
 4
 (a) None of the items in Section 1.2 above are subject to the Grievance Procedure; however, insofar as subcontracting is concerned, the Company will not bring in subcontractors to do normal production work inside the plant without the approval of the Union.
 
 
 5
 Complaint p 5. The UAW alleged that "on or around the 7th of November, 1984, and continuing to the present time, The Zeller Corporation has subcontracted all plant service jobs whose job duties include normal production work inside the plant without approval of UAW Local 1298." Complaint p 6.
 
 
 6
 On July 22, 1985, Zeller filed its motion to dismiss under. Rule 12 (b) (6), Federal Rules of civil Procedure, for failure to state a claim and for summary judgment under Rule 56. On March 14, 1986, the district court granted Zeller's motion upon a finding that the action is time barred. The district court held the six-month statute of limitations set forth in section 10 (b) of the LMRA applicable and rejected UAW's argument that Ohio's fifteen-year statute of limitations for breach of a written contract, Ohio Rev. Code Sec. 2305.06, should control. The district court declined to discuss Zeller's remaining arguments for dismissal.
 
 II.
 
 7
 The issue presented is whether the six-month statute of limitations set forth in section 10(b) of the LMRA and found applicable to hybrid breach of contract/breach of the duty of fair representation actions in DelCostello v. International Brotherhood of Teamsters, 462 U.S. 151 (1983), is applicable to this straightforward section 301 action brought by a union against a corporation alleging only breach of the collective bargaining agreement. The district court found it "not significant" that DelCostello concerned a hybrid action raising the issue of the union's duty of fair representation, whereas the present action between the union and the employer does not implicate the issue of the duty of fair representation. The district court reasoned that the lengthy Ohio limitations period is contrary to the philosophy espoused in DelCostello that there should be a "relatively rapid final resolution of labor disputes." 462 U.S. at 168. The district court further noted the present dispute "is in the context of an on-going labor relationship" and is "[i]n effect ... a continuation of the grievances initiated by the individual employees." Opinion at 5. Hence, the dispute "should be the subject of a quick resolution." Id.
 
 
 8
 In so holding, the district court did not have the benefit of this court's recent opinions in Central States Southeast and Southwest Areas Pension Fund v. Kraftco, Inc., 799 F.2d 1098 (6th Cir. 1986) (en banc), cert. denied, 107 S. Ct. 1291 (1987), and Apponi v. Sunshine Biscuits, Inc., 809 F.2d 1210 (6th Cir. 1987). In Kraftco, the union sued the employer seeking recovery for breach of the trust agreement creating the pension fund and for breach of the collective bargaining agreement. We rejected Kraftco's argument that the reasoning in DelCostello controlled and that the six-month statute of limitations should apply:
 
 
 9
 First, Central States' complaint in this case is lodged solely against the employer and relates solely to the employer's failure to comply with the terms of the collective bargaining agreement. Central States' complaint does not allege a breach of the duty of fair representation and can in no way be construed to allege improper action by the union or any of its members.
 
 
 10
 Second, the facts upon which Central States bases its claim simply do not implicate the duty of fair representation....
 
 
 11
 Third, the issues in this case are what constitutes the contract of the parties and whether the employer complied with that contract, and may be decided by reference to principles of contract and agency law apart from the federal statutes that procedurally give rise to these claims and our jurisdiction. Central States' action is, so to speak, a creature of contract law, rather than labor law....
 
 
 12
 ....
 
 
 13
 DelCostello does not compel application of section 10(b) in this case. we have held that "[a]ttention to the reasoning of DelCostello and its own express limitations indicate that DelCostello is not a 'green light' to apply 29 U.S.C. Sec. 160 (b) to all actions in which federal labor law is implicated." ... Tennessee law, as discussed above, provides a limitation period for state actions which are analogous to the ERISA claims in this case, unlike DelCostello in which no state limitation period represented a balancing of the unusual combination of interests implicated in a hybrid Sec. 301 action. Further, application of the state limitation period is not inconsistent with the policies underlying federal labor law. DelCostello emphasized that rapid resolution of labor disputes is favored when the collective bargaining process is threatened. However, "speed and finality may not be as pressing concerns where the underlying dispute concerns a pension plan rather than day-to-day employment matters." ...
 
 
 14
 799 F.2d at 1106-07 (footnote and citations omitted).
 
 
 15
 We reached a similar result in Apponi, a class action by former employees alleging the employer breached a collectively bargained pension plan. Again, we rejected the employer's argument that the DelCostello six-month statute of limitations governed:
 
 
 16
 However, in DelCostello the Court held that the six-month statute of limitations period of section 10(b) of the National Labor Relations Act, 29 U.S.C. Sec. 160(b), is applicable to hybrid section 301/fair representation actions. The Court limited its holding to the so-called hybrid action against both employer and union, distinguishing rather than overruling International Union, UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S. Ct. 1107, 16 L.Ed.2d 192 (1966), which applied the state limitations period for breach of contract actions to an action by a union alleging a breach of the collective bargaining agreement. Thus, federal courts may still resort to the most analogous state statute of limitations where, as here, the action does not implicate the breach of the union's duty of fair representation.
 
 
 17
 Apponi, 809 F.2d at 1216 (citing Kraftco, 799 F.2d at 1107). The great weight of authority supports the proposition that the DelCostello six-month statute of limitations is not applicable to section 301 actions where the union's duty of fair representation is not at issue. See International Union of Elevator Constructors v. Home Elevator Co., 798 F.2d 222 (7th Fir. 1986); Smith v. Kerrville Bus Co., 748 F.2d 1049 (5th Cir. 1984); O'Hare v. General Marine Transport Corp., 740 F.2d 160 (2d Cir. 1984), cert. denied, 469 U.S. 1212 (1985); United Brotherhood of Carpenters & Joiners Local 1020 v. FMC Corp., 724 F.2d 815 (9th Cir. 1984); Derwin v. General Dynamics Corp., 719 F.2d 484 (1st Cir. 1983); International Union of Electrical, Radio & Machine workers v. Ingram Manufacturing Co., 715 F.2d 886 (5th Cir. 1983), cert. denied, 466 U.S. 928 (1984).[1]
 
 
 18
 The present action falls within the holdings in Kraftco and Apponi. Just as in Kraftco, the UAW's complaint "is lodged solely against the employer and relates solely to the employer's failure to comply with the terms of the collective bargaining agreement." 799 F.2d at 1106. Second, the duty of fair representation is not implicated in any way by the UAW's complaint. "Third, the issues in this case are what constitutes the contract of the parties and whether the employer complied with that contract, and may be decided by reference to principles of contract and agency law apart from the federal statutes that procedurally give rise to these claims and our jurisdiction." Id.
 
 
 19
 "Fourth, DelCostello does not require a different result." Id. Unlike DelCostello, in the present case, Ohio provides a closely analogous state cause of action. "[T]he interests at stake in this section 301 suit are similar to those that the state legislature would have considered when it established a limitations period for a breach of contract action." Home Elevator, 798 F.2d at 227.
 
 
 20
 Moreover, as we noted in Apponi, the DelCostello Court "distinguish[ed,] rather than overrul[ed,] International Union, UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S. Ct. 1107, 16 L.Ed.2d 192 (1966), which applied the state limitations period for breach of contract actions to an action by a union alleging a breach of the collective bargaining agreement." Apponi, 809 F.2d at 1216. Zeller argues the present action does not present a straightforward breach of contract claim because, unlike Hoosier Cardinal, the collective bargaining agreement in this case contains a grievance procedure. This argument was squarely rejected in Home Elevator, supra, where the court observed that "[t]he fact that the contract at issue also contained an arbitration clause does not reduce the similarity between the section 301 cause of action and a breach of contract claim." Home Elevator, 798 F.2d at 227-28.
 
 
 21
 Zeller further argues application of Ohio's statute of limitations for breach of contract actions will frustrate the policy of federal labor law to give full force and effect to agreed-upon methods of dispute resolution by imposing a relatively short statute of limitations. See United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 64 (1981) (the grievance-arbitration procedures favored under federal labor law "could easily become unworkable if a decision which has given 'meaning and content' to the terms of an agreement ... could suddenly be called into question as much as six years later."). However, this concern only arises where an attack is made on a grievance-arbitration decision agreed to by the company and the union. In the present case, the UAW and Zeller never reached a decision which gave any meaning or content to the terms of the collective bargaining agreement. See Home Elevator, 798 F.2d at 228 n.5 (shorter statute of limitations will not protect the bargaining relationship or the collective bargaining agreement where the bargaining relationship has already broken down before the action is filed). Thus, the present action does not threaten the collective bargaining process. See Kraftco, 799 F.2d at 1107. In sum, this action does not present "an attack on the negotiating process akin to an action for breach of the duty of fair representation." Id. at 1105.
 
 III.
 
 22
 For all these reasons, we conclude the district court erred in applying the six-month statute of limitations set forth in section 10 (b) of the LMRA as a bar to the UAW's breach of contract action. As in Apponi, the UAW's claim against Zeller for breach of the collective bargaining agreement sounds in contract. The most analogous state statute of limitations is Ohio Rev. Code Sec.2305.06 (fifteen years for actions alleging breach of a written contract), under which the present action was timely filed. Accordingly, the judgment of the district court is REVERSED, and this cause is REMANDED for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 We are aware a panel of this court recently held that the DelCostello six-month statute of limitations governs actions brought by a union to compel arbitration. See McCreedy v. Local Union No. 971, UAW, 809 F.2d 1232 (6th Cir. 1987); see also International Association of Machinists & Aerospace Workers Local Lodge No. 1688 v. Allied Products Corp., 786 F.2d 1561 (11th Cir.1986); Teamsters Union Local 315 v. Great Western Chemical Co., 781 F.2d 764 (9th Cir. 1986); Samples v. Ryder Truck Lines, 755 F.2d 881 (11th Cir. 1985) (action to enforce arbitration award); Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp., 736 F.2d 896 (3d Cir. 1984). In McCreedy, the panel stressed that "[j]ust as the employee's unfair representation claim is a creature of labor law, so too, we believe, is a union's action to compel arbitration." 809 F.2d at 1238. The present case, as set forth more fully below, is distinguishable in that not only have the parties failed to reach a decision through the grievance procedure, neither party claims the dispute should be resolved through arbitration. Accordingly, the present action has no impact on the parties' agreed-upon method of dispute resolution and therefore is not a "creature of labor law" analogous to an action for breach of the duty of fair representation. Rather, this case is much more akin to any other breach of contract action