**OZITE CORPORATION, Plaintiff,**

v.

**UPHOLSTERERS INTERNATIONAL UNION OF NORTH AMERICA, AFL–CIO and Local No. 338 of the Upholsterers International Union of North America, AFL–CIO, Defendants.**

No. 87 C 2094.

United States District Court,
N.D. Illinois, E.D.

Oct. 6, 1987.

Leo G. Aubel, James E. Beckley & Associates, P.C., Chicago, Ill., for plaintiff.

Robert S. Bates, Jr., Jacobs, Burns, Sugarman & Orlove, Chicago, Ill., for defendants.

## MEMORANDUM OPINION

BRIAN BARNETT DUFF, District Judge.

The Ozite Corporation ("Ozite") brings suit against the Upholsterers International Union of North America, AFL–CIO, and its agent, Local No. 338 of the Upholsterers International Union of North America, AFL–CIO (collectively "Union") under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. Ozite claims that it has a dispute with the union which arises out of their collective bargaining agreement, and seeks an order compelling the union to submit that dispute to arbitration.

The union moved to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, and the parties submitted briefs on the motion. After reviewing those briefs, this court concluded that the issues raised would be addressed more properly in a motion for summary judgment, and invited the parties to present additional materials. Minute Order of June 11, 1987.[1] Thereafter, Ozite filed a cross-motion for summary judgment, which is now granted in its favor.

## FACTS [2]

Ozite and the Union are parties to a collective bargaining agreement which will expire on June 15, 1988. That agreement contains a clause mandating that "any controversy concerning the interpretation, application, or administration" of the agreement be submitted to grievance and arbitration proceedings. *See* Article 7.01. The agreement also contains provisions setting out the monthly contributions that Ozite would make to the Upholsterers International Union Health and Welfare Program. Article 16.03.

Ozite claims that while it and the Union were negotiating the provisions on the

---

**1.** This court notes that its conversion of the Rule 12(b)(6) motion to a motion for summary judgment accords with the Fifth Circuit's ruling in *John Deere Company v. American National Bank,* 809 F.2d 1190 (5th Cir.1987), that a court may not grant summary judgment *sua sponte* on grounds not advanced by the moving party. Here the motion is granted on the same grounds advanced in the original motion to dismiss and, in addition, the parties were given ten days to submit additional materials. The motion was converted because resolving the issues in dispute was tantamount to deciding whether or not Ozite would be entitled to the relief requested in its complaint.

**2.** The following facts are undisputed except where noted.

health and welfare benefits, the Union assured Ozite that it would be paying a contribution rate equal to that paid by all employers participating in the program and receiving the same benefits. Complaint, ¶ 10; Affidavit of James Centrella, ¶ 5. Ozite asserts further that it relied on this representation in agreeing to the contribution rates proposed by the Union. Complaint, ¶ 10; Affidavit of James Centrella, ¶ 6. The Union disputes these allegations, saying that no representations regarding other companies' contributions to the health and welfare program were made during the bargaining. Affidavit of Robert E. Jackson, ¶ 4.

Ozite says it learned, some time later, that other employers involved in the program were paying less for the same benefits, and asked the Union to adjust the contribution rate so that it would be uniform for all employers, but the Union refused. Affidavit of Richard Blackmore, ¶ 3; Complaint, ¶¶ 12–13. Ozite filed a grievance and took steps to have the matter heard by an arbitrator. The Union never objected to arbitration, but eventually refused to pick an arbitrator and informed Ozite that it would no longer participate. Ozite then began paying a contribution rate equivalent to that of the other employers participating in the program, and was advised by the Health and Welfare Program that it was delinquent.

## DISCUSSION

■ Only two issues are presented by this motion for summary judgment: (1) whether the suit is timely; and (2) whether the dispute arising between Ozite and the Union is arbitrable. This court answers both questions in the affirmative.

Ozite's complaint clearly was filed in a timely manner. This is a § 301 suit, not a hybrid suit. Thus the appropriate limitations period is to be determined by reference to state law. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 171, 103 S.Ct. 2281, 2294, 76 L.Ed.2d 476 (1983); *United Auto Workers v. Hoosier Cardinal Corporation*, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1112–13, 16 L.Ed.2d

192 (1966); *International Union of Elevator Constructors v. Home Elevator Company, Inc.*, 798 F.2d 222, 226 (7th Cir.1986).

As among the relevant Illinois statutes, this court finds that either the five-year period for breach of oral contract, Ill.Rev. Stat. ch. 110 § 13–205 (1985), or the ten-year period for breach of written contract, Ill.Rev.Stat. ch. 110 § 13–206 (1985), controls. *See Merk v. Jewel Food Stores Division*, 641 F.Supp. 1024, 1036 (N.D.Ill.1986). There is no plausible argument that the 90–day period in the Uniform Arbitration Act, Ill.Rev.Stat. ch. 10, ¶ 112(b) (1985), would apply because that statute addresses suits to vacate arbitration awards and no arbitration took place here. *Id.* at 1037.

■ One court in this district has applied the six-month statute of limitations period set out in § 10(b) of the National Labor Relations Act to a suit similar to this one. *See United Steelworkers of America v. Fermet Reclamation Ltd.*, 627 F.Supp. 1213, 1221–22 (N.D.Ill.1986) (Shadur, J.). The basic allegation in this case, however, is that the Union breached the collective bargaining agreement, which indicates that a state law period should be applied. *See International Union of Elevator Constructors, supra* at 227–28. We need not disagree with *Fermet* here because the suit is timely under either statute of limitations. Ozite could not have anticipated the dispute prior to October 14, 1986, and did not know for certain that the Union opposed arbitration until November 25, 1986. The complaint was filed on February 27, 1987.

■ This court also finds that Ozite is entitled to an order compelling arbitration. The question of arbitrability is for courts to decide, *AT & T Technologies, Inc. v. Communications Workers of America*, 475 U.S. 643, 106 S.Ct. 1415, 1418–19, 89 L.Ed.2d 648 (1986), without ruling on the merits of the underlying claim. *Id.* at 1419. Where there is an arbitration clause in the contract, there is a presumption in favor of arbitrability, and "[a]n order to arbitrate the particular grievance should not be denied unless it may be said with positive assurance that the arbitration

clause is not susceptible of an interpretation that covers the asserted dispute." *Id.*

There is no such positive assurance here. Article 7.01 of the parties' collective bargaining agreement makes "any controversy concerning the interpretation, application, or administration of any provisions of this Agreement" subject to grievance and arbitration proceedings. There are no exceptions to this broad arbitration clause, and the sole provision in the contract relating to a default in health and welfare program contributions makes reference to arbitration. *See* Article 16.04.

The Union does not deny the existence of Article 7.01, but contends that there is no controversy within the meaning of that provision. It claims that the contribution rates agreed to by Ozite are specified in the contract and are not subject to dispute. Ozite counters, however, that it agreed to the rates only because it believed they would be the same for all similarly situated companies. These arguments should be brought before the arbitrator and will not be addressed here. *AT & T Technologies, supra.*

In tandem with the argument above, the Union claims that its interpretation of Article 7.01 has always been to exclude matters such as the one at issue here. Affidavit of James Centrella, ¶ 9. Ozite, predictably, states that it always believed these disputes would be included. Affidavit of Ed Serembus. But neither party has identified any particular disputes and their resolutions. In light of the clear contractual language, these affidavits express merely legal conclusions and fail to raise a material issue of fact. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986) ("the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact") (emphasis in original).

It would be ludicrous for this court to hold that the parties are not involved in a "controversy". If we were to read the meaning of that word as narrowly as the Union wants us to, we would be subverting the strong public policy in favor of labor arbitration. Moreover, we note that the question whether a contract term is ambiguous can be determined on a motion for summary judgment. *See The Marmon Group, Inc. v. Rexnord, Inc.,* 822 F.2d 31, 34–35 (7th Cir.1987).

Accordingly, the Union's motion for summary judgment is denied and Ozite's cross-motion is granted. Judgment is entered in favor of Ozite.