41 F.3d 1510
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
William JULIAN and Richard W. Owsley, Jr., Plaintiffs-Appellants,
v.
FREEMAN UNITED COAL MINING, COMPANY, Defendant-Appellee.
 No. 93-2750.
 United States Court of Appeals, Seventh Circuit.
 Submitted Sept. 30, 1994.*
Decided Oct. 19, 1994.
 
 Before POSNER, Chief Judge, and BAUER and FLAUM, Circuit Judges.
 
 ORDER
 
 1
 William Julian and Richard Owsley, Jr. sued their employer, Freeman United Coal Mining Company, claiming that Freeman wrongfully discharged them in violation of the collective bargaining agreement in existence between Freeman and the union of which Julian and Owsley were members. They also claimed that their union breached its duty of fair representation in its handling of their grievances. In an attempt, however, to skirt the six-month statute of limitations that applies to hybrid section 301 claims like the present case, DelCostello v. Teamsters, 462 U.S. 151, 154-55 (1983), plaintiffs named only Freeman as a defendant and claim their complaint is simply a suit for breach of contract. The district court disagreed and dismissed the case as untimely. We affirm.
 
 
 2
 In International Union of Elevator Constructors v. Home Elevator Co., 798 F.2d 222, 226-27, (7th Cir.1986), we held that "straight" section 301 actions to enforce collective bargaining agreements (where there was no challenge to the outcome of an arbitration proceeding) would continue to be governed by the most analogous state statute of limitations, usually the period for breach of contract, as announced in UAW v. Hoosier Cardinal Corp., 383 U.S. 696 (1966). See Merk v. Jewel Companies, Inc., 848 F.2d 761, 762 n. 2 (7th Cir.1986).
 
 
 3
 Despite their intention, plaintiffs' suit is not a straightforward breach of contract suit under section 301. Unlike Hoosier, the present case (as set forth in plaintiffs' complaint and attachments to it) involved an agreement between an employer and a union to submit employee disputes involving a discharge to grievance or arbitration procedures and accord the decisions finality. Plaintiffs contested their discharge through arbitration, but their grievances were denied. That plaintiffs chose to sue Freeman and not their union is of no significance. The nature of plaintiffs' action remains the same, as is what plaintiffs must prove. Plaintiffs' case is a classic hybrid section 301 case, Local No. 391 v. Terry, 110 S.Ct. 1339, 1344 (1990), and is governed by six-month limitations period announced in DelCostello.
 
 
 4
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need for Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record alone pursuant to Rule 34(f)