724 F.2d 815
 115 L.R.R.M. (BNA) 2582, 116 L.R.R.M. (BNA) 2617,
101 Lab.Cas. P 11,045, 99 Lab.Cas. P 10,728
 UNITED BROTHERHOOD OF CARPENTERS AND JOINERS OF AMERICA,
LOCAL 1020 AFL-CIO, Portland, Oregon, an
Associated Labor Organization, Plaintiff-Appellant,
v.
FMC CORPORATION, A Delaware corporation, Defendant-Appellee.
 No. CA 83-3812.
 United States Court of Appeals,
Ninth Circuit.
 Argued and Submitted Nov. 8, 1983.
Decided Jan. 24, 1984.
As Amended on Denial of Rehearing April 24, 1984.
 
 David E. Cash, Doblie, Francesconi & Welch, Portland, Or., for plaintiff-appellant.
 Wayne D. Landsverk, Newcomb, Sabin, Meyer & Schwartz, Portland, Or., for defendant-appellee.
 Appeal from the United States District Court for the District of Oregon.
 Before SKOPIL, CANBY and BOOCHEVER, Circuit Judges:
 CANBY, Circuit Judge:
 
 
 1
 In this appeal we must decide what statute of limitations to apply to an action by a union under section 301 of the Labor Management Relations Act, 29 U.S.C. Sec. 185, to set aside an arbitration decision on the ground that the decision does not draw its essence from the collective bargaining agreement. We confronted this issue in an earlier case involving the same parties, Local 1020 of the United Brotherhood of Carpenters v. FMC Corporation, 658 F.2d 1285 (9th Cir.1981), and there decided that the most appropriate statute of limitations was the state statute applicable to challenges to commercial arbitration. We therefore applied the 20-day limitation of Or.Rev.Stat. Sec. 33.310.
 
 
 2
 Since our decision in Local 1020, the Supreme Court decided DelCostello v. International Brotherhood of Teamsters, --- U.S. ----, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). The union in this appeal claims that DelCostello effectively overrules our holding in Local 1020. We reject that contention and adhere to our view that the 20-day limitation of Or.Rev.Stat. Sec. 33.310 applies when a union sues under Sec. 301 to have an arbitration decision set aside on the ground that the decision does not draw its essence from the collective bargaining agreement.
 
 FACTS
 
 3
 FMC Corporation discharged two employees. In March 1982, Local 1020 represented the discharged employees in an arbitration proceeding. On July 19, 1982, the arbitrator ruled that FMC's actions in discharging the employees did not violate the collective bargaining agreement.
 
 
 4
 About five and one half months later, the union sued in federal district court under section 301 to have the arbitrator's decision set aside on the ground that the decision did not draw its essence from the collective bargaining agreement. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 597, 80 S.Ct. 1358, 1361, 4 L.Ed.2d 1424 (1960). Relying on our holding in Local 1020, the district court dismissed the union's action, holding that it was barred by the 20-day limitation period of Or.Rev.Stat. Sec. 33.310.
 
 
 5
 The single issue raised by this appeal is whether the limitation period selected by Local 1020 remains applicable to this type of action after the Supreme Court's decision in DelCostello.
 
 ANALYSIS
 
 6
 In DelCostello, employees contested a discharge and certain work assignments by their employers. The employers' decisions were challenged in arbitration and the arbitrators upheld the employers. Subsequently, the employees sued their employers and their unions in district court. The suits, hybrid Sec. 301/fair representation actions, were brought against the employers under section 301, see Smith v. Evening News Association, 371 U.S. 195, 200-01, 83 S.Ct. 267, 270-71, 9 L.Ed.2d 246 (1962), and against the unions for violation of their duty of fair representation during the arbitration process, see Vaca v. Sipes, 386 U.S. 171, 188, 87 S.Ct. 903, 915-16, 17 L.Ed.2d 842 (1967). The employers and the unions claimed that the suits were barred by the limitation periods contained in state arbitration law, 30 days in one instance and 90 days in the other. The Supreme Court, however, rejected the contentions of the employers and the unions, holding that the applicable limitation was the six-month period specified by section 10(b) of National Labor Relations Act, 29 U.S.C. Sec. 160(b).
 
 
 7
 Section 10(b) of the NLRA states the limitation period for filing an unfair labor practice charge with the NLRB. The Supreme Court viewed that period as the most appropriate one to apply in DelCostello because an essential element of the employees' suits in DelCostello was a showing that the union violated its duty of fair representation during the arbitral process. 103 S.Ct. at 2290-94. See Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059-60, 47 L.Ed.2d 231 (1976). The Supreme Court stated that a violation of the duty of fair representation either is an unfair labor practice or possesses a "family resemblance" to and has a "substantial overlap" with an unfair labor practice. 103 S.Ct. at 2293. Because the two violations were so similar, the Court concluded that the same limitation period, that of Sec. 10(b), should apply to each. Id. at 2293-94. The Court rejected the state limitation for challenges to commercial arbitration, reasoning that a hybrid Sec. 301/fair representation action differs from a normal suit to vacate an arbitration award in at least one crucial respect: the duty of fair representation claim cannot itself be the subject of the arbitration proceedings, and cannot be resolved by the arbitration. Id. at 2291-92.
 
 
 8
 The Supreme Court also pointed out in DelCostello that the longer limitation period of Sec. 10(b) was appropriate for unfair representation claims because the employee-plaintiff, normally represented only by the union in the arbitration proceedings, needed time to evaluate the quality of the union's representation and to secure an attorney and prepare to litigate a new issue if that representation were found wanting. Id. at 2291.
 
 
 9
 The factors that led to the result in DelCostello have no parallel in the present case. Local 1020 does not claim that the arbitral process itself was flawed or distorted by the commission of an unfair labor practice. It does not seek relief that could not have been obtained in the arbitration proceedings themselves. It has been represented by counsel from the beginning, and does not question the quality of the representation.
 
 
 10
 Rather than resembling an unfair labor practice charge, the claim by the union in this case is similar to an ordinary commercial challenge to an arbitration decision. The union's cause of action is exclusively that the arbitrator improperly interpreted and applied the collective bargaining agreement. This close resemblance to an ordinary action to vacate an arbitration award makes state arbitration law the most appropriate source for a limitation period. See DelCostello, 103 S.Ct. at 2294. A short limitation also serves the policy of resolving labor disputes expeditiously. See United Parcel Service, Inc. v. Mitchell, 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732 (1981); Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 707, 86 S.Ct. 1107, 1114, 16 L.Ed.2d 192 (1966). We conclude, therefore, that the state limitation for suits to vacate an arbitration award applies to an action by a union under Sec. 301 to set aside an arbitration decision on the ground that the decision does not draw its essence from the collective bargaining agreement. The Fifth Circuit recently reached the same conclusion. International Union of Electrical, Radio and Machine Workers v. Ingram Manufacturing Co., 715 F.2d 886, 888-89 (5th Cir.1983). Cf. Derwin v. General Dynamics Corp., 719 F.2d 484, 487 (1st Cir.1983) (applying a state statute of limitations in an action by a union to confirm an arbitration decision because DelCostello "was not intended to weaken the ordinary presumption of state law primacy in resolving section 301 limitations questions").[1]
 
 
 11
 The district court was correct to rely on Local 1020 and apply the 20-day limitation period in Or.Rev.Stat. Sec. 33.310. The judgment dismissing the union's action is AFFIRMED.
 
 
 
 [1]
 In footnote 12, the Supreme Court in DelCostello indicates that it would have applied the six-month limitation period of Sec. 10(b) to the employees' suits even if the suits had been brought exclusively under Sec. 301. 103 S.Ct. at 2287 n.12. The union contends that footnote 12 requires that the six-month limitation period of Sec. 10(b) be applied to all actions arising under Sec. 301, no matter how unlike an unfair representation charge they may be
 The union reads far too much into footnote 12. The Supreme Court approves drawing a limitation period from state law when the Sec. 301 claim does not resemble an unfair labor practice charge. See DelCostello, 103 S.Ct. at 2289-90 (approving Auto Workers v. Hoosier Cardinal Corp., 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), which applied the state limitation for breach of contract actons to a suit by a union alleging a violation of the collective bargaining agreement); id. 103 S.Ct. at 2294. Footnote 12 addresses only a Sec. 301 action brought by an employee against the employer. Unlike the present action, that particular Sec. 301 action should be governed by the Sec. 10(b) limitation period; it closely resembles an unfair labor practice charge because the employee cannot prevail unless he establishes a breach of the duty of fair representation by the union. See DelCostello, 103 S.Ct. at 2290-91; Hines v. Anchor Motor Freight, Inc., 424 U.S. 554, 570-71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976).