**TEAMSTERS UNION LOCAL 315, Plaintiff-Appellee,**

v.

**GREAT WESTERN CHEMICAL COMPANY, Defendant-Appellant.**

No. 84–2047.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 12, 1985.

Decided Jan. 29, 1986.

Kenneth N. Silbert, Albert J. Kutchins, Beeson, Tayer & Silbert, San Francisco, Cal., for plaintiff-appellee.

Wayne D. Landsverk, Jack B. Schwartz, Newcomb, Sabin, Meyer & Schwartz, Portland, Or., for defendant-appellant.

Before DUNIWAY, and CANBY, Circuit Judges, and REDDEN,* District Judge.

DUNIWAY, Circuit Judge:

This appeal presents a single question: What statute of limitations should be "borrowed" to apply to this action brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, to compel arbitration of a labor dispute under a collective bargaining agreement providing for arbitration? The trial court applied California's four year statute, Cal.Code Civ.P. § 337: "Within four years: 1. An action upon any contract ... founded upon an instrument in writing, ..." The action was brought within that time, and the court ordered the parties to arbitrate the dispute. We reverse and remand.

## I. *Facts.*

On February 18, 1982, Great Western, the employer, discharged employee Frank Caldera. Four days later, the Union filed a grievance, pursuant to Article 14(A) of the collective bargaining agreement, protesting Caldera's termination and expressing its desire "to meet immediately in an effort to resolve this matter."

Article 14(A) of the Agreement states:

Any grievance or controversy affecting the mutual relations of the Employer and the Union shall first be taken up between the Steward and/or Business Agent and the Manager. If the matter is not resolved within ten (10) days, excluding Saturdays, Sundays and holidays, the parties shall choose an impartial arbitrator and the decision of the arbitrator shall be final and binding on both the parties.

As the dispute remained unresolved, the union requested on March 17, 1982, that the employer take part in the process of selecting an arbitrator. Later, in letters dated July 16, August 23, and December 2, 1982, the union repeatedly informed the employer of its determination to submit the matter to arbitration pursuant to the Agreement.

On October 14, 1983, the union sent a letter to the employer requesting that it explain *"why* your Company refuses to respond to letters from our attorneys who have been attempting to communicate with your attorneys in order to select an arbitrator in the Frank Caldera termination...."

* The Honorable James A. Redden, United States District Judge for the District of Oregon, sitting by designation.

Please respond to this letter as soon as possible. Twenty (20) months is far too long."

Robert Fenton, the employer's Vice President, stated in an affidavit:

I told Mr. Flores [Union's business agent] ... early in 1982 that Great Western did not consider the matter arbitrable and did not intend to submit the matter to an arbitrator. I took that position with the Union each time the subject came up.

Because Fenton's affidavit was filed in opposition to the union's motion for summary judgment, we must accept its allegations as true. Thus, we must assume that the union was informed "early in 1982" that the employer refused to submit to arbitration.

On November 8, 1983, the union filed a Petition to Compel Arbitration in California Superior Court. On December 13, 1983, the employer removed the case to the United States District Court. On December 14, the union filed a Motion for Summary Judgment. On March 14, 1984, the employer also filed a Motion for Summary Judgment. It argued that the union's Petition was barred by the applicable statute of limitations, or by laches, or by both. On April 30, the district court denied the employer's Motion for Summary Judgment and granted the union's Motion for Summary Judgment on the ground that the appropriate limitations period is California's four years, under Cal.Code.Civ.P. § 337.

## II. *Discussion.*

Congress had not enacted a statute of limitations specifically governing actions brought pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185. "[T]he timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations." *Auto Workers v. Hoosier Cardinal Corp.*, 1966, 383 U.S. 696, 704–05, 86 S.Ct. 1107, 1113, 16 L.Ed.2d 192. The key word in that decision is "appropriate."

A labor-management relations contract is in many respects sui generis. It may involve numerous parties. In our case, the contract is between Great Western, the employer, and a local of the Teamsters Union. But in substance all of the union's members who work for Great Western are also parties. Such a contract governs, during an agreed period of time, the relationship between the employer, the union, and the employees. It may not govern every facet of the relationship, but it does govern many important facets. Moreover, it is a part of the daily lives of the management and the employees.

The labor-management contract also provides its own remedies for violations; here we are concerned with one of them—arbitration. When the grievance, as here, is the discharge of a union member, and his remedy is arbitration, it is important that the remedy be promptly invoked and promptly administered—important to the named parties and especially important to the aggrieved employee union member, and to those in management who have had direct relationships with the grievant. They all need to know where they stand. A long period of controversy and conflict can be a serious burden, both for the grievant and for the management, and can poison the relationship between the contracting parties that the contract was designed to establish and preserve. All of these considerations seem to us to point toward borrowing a statute of limitations that will prescribe a short period for invoking judicial help to compel arbitration.

None of the cases cited by the union requires that we apply Cal.Code Civ.P. § 337 merely because it governs actions for breach of contract and this is such an action. *Auto Workers, supra,* was an action to recover accumulated vacation pay that the union claimed to have been withheld from discharged employees in violation of a union-management contract. The Court affirmed a holding that applied an Indiana statute requiring that an action for breach of an oral contract be brought within six years, rather than an Indiana statute requiring that an action for breach of a written contract be brought within 20 years. 383 U.S. at 706–07, 86 S.Ct. at 1113–14.

The Court based its decision on the following consideration:

> The six months' provision governing unfair labor practice proceedings, 61 Stat. 146, 29 U.S.C. § 160(b), suggests that relatively rapid disposition of labor disputes is a goal of federal labor law. Since state statutes of limitations governing contracts not exclusively in writing are generally shorter than those applicable to wholly written agreements, their applicability to § 301 actions comports with that goal.... [T]here is no reason to inhibit the achievement of an identifiable goal of labor policy by precluding application of the generally shorter limitations provision.

*Id.* at 707, 86 S.Ct. at 1114. The Court also recognized the distinction between its case and others brought under section 301 of the Labor Management Relations Act:

> The present suit is essentially an action for damages caused by an alleged breach of an employer's obligation embodied in a collective bargaining agreement. Such an action closely resembles an action for breach of contract cognizable at common law. Whether other § 301 suits different from the present one might call for the application of other rules on timeliness, we are not required to decide, and we indicate no view whatsoever on that question.

*Id.* at 705, n. 7, 86 S.Ct. at 1113 n. 7.

Thus, *Auto Workers* does not require that we find California's four year statute of limitations for breach of a written contract "appropriate" to an action to compel arbitration. This conclusion is reinforced by the availability of alternate statutes of limitations that better fulfill the federal goal of rapid resolution of labor disputes. *Id.* at 707, 86 S.Ct. at 1114. *See United Parcel Service, Inc. v. Mitchell,* 1981, 451 U.S. 56, 63, 101 S.Ct. 1559, 1564, 67 L.Ed.2d 732; *DelCostello v. International Broth. of Teamsters,* 1983, 462 U.S. 151, 168–69, 103 S.Ct. 2281, 2292, 76 L.Ed.2d 476.

The employer suggests two statutes that we might "borrow" and that would prescribe shorter periods than the Cal.Code

Civ.P. § 337 period of four years. To these we now turn.

### A. *Cal.Code Civ.P. § 1288.*

Section 1288 is a part of a California law dealing with arbitration proceedings. Cal. Code Civ.P. Tit. 9, Ch. 4, Art. 2. It provides:

> A petition to confirm an award shall be served and filed not later than four years after the date of service of a signed copy of the award on the petitioner. A petition to vacate an award or to correct an award shall be served and filed not later than 100 days after the date of the service of a signed copy of the award on the petitioner.

Great Western asks us to borrow the second sentence and impose a 100 day statute of limitations. We find this difficult for several reasons. First, the present action to compel arbitration seems to us more closely analogous to a petition to confirm an award, having a four year limitations period, than to a petition to vacate it. As discussed above, however, a four year period is too long for this case. Great Western's suggested 100 day statute of limitations, on the other hand, is too short because it unnecessarily shortens the time during which the parties can work informally toward a resolution of the dispute. *Fed. of Westinghouse Ind. v. Westinghouse Elec. Corp.,* 3 Cir., 1984, 736 F.2d 896, 901–902.

Finally, we note that no case cited by Great Western supports its argument that the 100 day limitations period is appropriate to a suit to compel arbitration. In *United Parcel Service v. Mitchell,* 1981, 451 U.S. 56, 101 S.Ct. 1559, 67 L.Ed.2d 732, an employee was discharged and sought and received arbitration of his claim that the discharge violated the collective bargaining agreement. The arbitrators ruled against him. He then brought an action in New York state court against the employer and the union, attacking the arbitrators' award. New York had a 90 day statute of limitations for actions to vacate or modify an arbitration award. The court held that

the action was, in essence, an attack on the award, *id.* at 61–62, 101 S.Ct. at 1563, and applied the New York statute. *Id.* at 64, 101 S.Ct. at 1564. This situation is not analogous to an action to compel arbitration for the first time. The other cases cited by Great Western in support of applying § 1288's statute of limitations for actions to vacate an arbitration award are similarly inapplicable to the present case. *Singer v. Flying Tiger Line, Inc.,* 9 Cir., 1981, 652 F.2d 1349, 1352–53; *United Brotherhood of Carpenters & Joiners, Local 1020 AFL–CIO v. FMC Corp.,* 9 Cir., 1984, 724 F.2d 815, 817 (*Local 1020–II*); Same, 9 Cir., 1981, 658 F.2d 1285, 1288–91 (*Local 1020–I*); *McNaughton v. Dillingham Corp.,* 9 Cir., 1983, 707 F.2d 1042, 1044–47.

We conclude that we should not apply Cal.Code Civ.P. § 1288.

B. *Section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b).*

Section 10 deals with proceedings by the National Labor Relations Board to prevent unfair labor practices. Subsection (b) authorizes the Board to issue and serve a complaint charging the commission of such practice(s), with the following proviso:

> *Provided,* That no complaint shall issue based upon any unfair labor practice occurring more than six months prior to the filing of the charge with the Board and the service of a copy thereof upon the person against whom such charge is made....

The cases we have cited all deal with "borrowing" an appropriate state statute of limitation. Great Western suggests borrowing an appropriate federal law, namely, the foregoing proviso. The Supreme Court, in *DelCostello v. International Brotherhood of Teamsters,* 1983, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476, held that it is proper, where it is appropriate, to do just that. In *DelCostello,* there were two cases, both "hybrid" § 301 actions, in which an employee charged the employer with a breach of a provision of a collective bargaining agreement, and the union with a

breach of its duty of fair representation by mishandling grievance and arbitration proceedings. The Court distinguished *Auto Workers v. Hoosier Cardinal Corp., supra,* and proceeded to consider whether the six month period prescribed in § 160(b) would be appropriate, 462 U.S. at 162–63, 169, 103 S.Ct. at 2289, 2293. The Court stated that the federal courts should continue, in most cases, to look to state statutes of limitations when no directly applicable federal statute exists. But it then said:

> Nevertheless, when a rule from elsewhere in federal law clearly provides a closer analogy than available state statutes, and when the federal policies at stake and the practicalities of litigation make that rule a significantly more appropriate vehicle for interstitial lawmaking, we have not hesitated to turn away from state law.

*Id.* at 171–72, 103 S.Ct. at 2294.

In DelCostello's case, the court of appeals had applied a 30 day statute applicable to actions to vacate arbitration awards to the employee's suit against the employer and the union attacking an arbitration award upholding his discharge. The Supreme Court thought the period too short, and instead applied the 6 month period of § 10(b). In the other case, in a similar suit, the trial court had applied New York's 90 day statute applicable to actions to vacate arbitration awards. The court of appeals had ultimately affirmed. The Supreme Court again applied the 6 month period of § 10(b). The Court felt in both cases that the 30 or 90 day periods were too short in the setting of a labor dispute. *Id.* at 165, 66, 103 S.Ct. at 2290–91. At the same time, the Court felt that the longer periods prescribed in other state laws were too long. *Id.* at 168–69, 103 S.Ct. at 2292–93. The Court concluded:

> These objections to the resort to state law might have to be tolerated if state law were the only source reasonably available for borrowing, as it often is. In this case, however, we have available

a federal statute of limitations actually designed to accommodate a balance of interests very similar to that at stake here—a statute that is, in fact, an analogy to the present lawsuit more apt than any of the suggested state-law parallels. We refer to § 10(b) of the National Labor Relations Act, which establishes a 6-month period for making charges of unfair labor practices to the NLRB.

*Id.* at 169, 103 S.Ct. at 2293 (footnote omitted). The Court then held that § 10(b)'s 6 month statute of limitations should be applied to hybrid § 301 actions. *Id.* at 172, 103 S.Ct. at 2294.

In *Fed. of Westinghouse Ind. v. Westinghouse Elec. Corp.*, 3 Cir., 1984, 736 F.2d 896, the Third Circuit considered the application of *DelCostello* to a "pure" section 301 action. In that case, as here, the action was one to compel arbitration. After examining *DelCostello* as we have, the court concluded that section 10(b) provided the most appropriate statute of limitations for a section 301 action to compel arbitration. *Id.* at 901–02. We agree. We hold, therefore, that section 10(b), 29 U.S.C. § 160(b), which prescribes a 6 month limitation for making charges of unfair labor practices to the National Labor Relations Board, is applicable, by analogy or "borrowing," to the filing of a petition in court to compel arbitration of a dispute under a collective bargaining agreement, at least where the arbitration would relate to matters such as those involved in this case. Other cases may call for different results; we express no opinion about them.

The appeal is from a summary judgment, and there is a conflict in the evidence as to when it was made clear by the Employer to the Union that the Employer would not submit the matter to arbitration. The six month period of limitation would run from that time. *Westinghouse Elec. Corp.*, 736 F.2d at 902.

The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.