GENERAL TEAMSTERS UNION LOCAL NO. 174, Plaintiff-Appellant,

v.

TRICK & MURRAY, INC., Defendant-Appellee.

No. 86-3977.

United States Court of Appeals, Ninth Circuit.

Submitted Feb. 5, 1987.[*]

Decided Sept. 28, 1987.

---

[*] The panel unanimously finds this case suitable for decision without oral argument. Fed.R. App.P. 34(a) and Ninth Circuit Rule 34–4.

Kenneth J. Pedersen, Seattle, Wash., for plaintiff-appellant.

Lawrence B. Ransom, Seattle, Wash., for defendant-appellee.

Before WALLACE, FLETCHER and BRUNETTI, Circuit Judges.

WALLACE, Circuit Judge:

General Teamsters Union Local No. 174 (the union) appeals from a summary judgment in its action for breach of contract and to compel arbitration. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand.

## I

The union is the exclusive bargaining representative for certain employees of Trick and Murray, Inc. (employer). On December 29, 1980, the parties entered into a three-year collective bargaining agreement, which had provisions for automatic renewal. On March 28, 1984, the employer unilaterally withdrew its recognition of the union, contending that the bargaining unit contained only one employee. On the same day, the employer petitioned the National Labor Relations Board (Board) for decertification of the union. The union then filed an unfair labor practice charge with the Board. The Board dismissed the employer's petition and refused to issue a complaint as requested by the union, invoking a longstanding policy of refusing to assert jurisdiction over representational disputes involving bargaining units with less than two members.

On November 28, 1984, the union requested that the employer submit the dispute to arbitration. The parties' collective bargaining agreement contained a detailed grievance and arbitration provision. The employer did not respond. On April 5, 1985, the union filed the instant action, seeking an order to compel arbitration pursuant to section 301 of the Labor Management Relations Act (LMRA), 29 U.S.C. § 185. A breach of contract claim was added later.

Both sides moved for summary judgment. The district court, citing *Teamsters*

Union Local 315 v. Great Western Chemical Co., 781 F.2d 764 (9th Cir.1986) (*Great Western*), ruled that the union had failed to bring the suit to compel arbitration within the applicable six-month limitations period. According to the court, the union's claim to compel arbitration had accrued when the employer withdrew its recognition of the union. The district court also applied the same six-month statute of limitations to bar the union's breach of contract action. The union appeals, arguing (1) that our decision in *Great Western* to apply a six-month statute of limitations to suits to compel arbitration should not be applied retroactively, and (2) that the breach of contract claim should be controlled by Washington's six-year statute of limitations for actions based upon written contracts.

## II

■ We are faced initially with a jurisdictional question. The employer argues that a federal district court does not have jurisdiction under section 301 over a labor organization representing a single member bargaining unit. The employer relies on language in section 301 which gives the district court jurisdiction over breach of contract actions between "an employer and a labor organization representing *employees.*" 29 U.S.C. § 185(a) (emphasis added). The employer argues that because the union allegedly represents only a single employee, section 301's jurisdictional grant is not applicable. We have, however, already implicitly rejected the employer's crabbed interpretation of section 301. *See, e.g., John S. Griffith Construction Co. v. United Brotherhood of Carpenters*, 785 F.2d 706, 709 (9th Cir.1986) (*Griffith*) (asserting jurisdiction over action even though bargaining unit contained no members at the time the action was filed); *Operating Engineers Pension Trust v. Beck Engineering & Surveying Co.*, 746 F.2d 557, 565 (9th Cir.1984) (*Operating Engineers*) (asserting jurisdiction over section 301 action to recover benefits for a single employee bargaining unit). We now hold that a district court can exercise jurisdiction over an action brought under section 301 even though it involves a contract with a labor

organization representing less than two employees.

■ The employer next argues that this is essentially a representational dispute over which the Board has primary jurisdiction. Even if we were to agree with the employer's categorization, the Board has twice refused to assert its jurisdiction. We have ruled that when an "injured party ... has no acceptable means to invoke the Board's jurisdiction," it is permissible for the district court to exercise jurisdiction, even though a dispute may involve a representation issue. *Griffith*, 785 F.2d at 711, *quoting Laborers Health and Welfare Trust Fund v. Kaufman & Broad, Inc.*, 707 F.2d 412, 415 (9th Cir.1983). The single employee unit is precisely such a case. *Operating Engineers*, 746 F.2d at 565. Because of the Board's consistent refusal to exercise its primary jurisdiction over this case, the district court had jurisdiction pursuant to section 301(c) of the LMRA, 29 U.S.C. § 185(c).

## III

There is no federal statute of limitations for actions to compel arbitration brought under section 301 of the LMRA. Where Congress has not enacted a limitation for a federal claim, our task is to "borrow" the most suitable limitations period from some other source. *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 158, 103 S.Ct. 2281, 2287, 76 L.Ed.2d 476 (1983) (*DelCostello*). In *Great Western*, we ruled that certain suits to compel arbitration should be governed by the six-month statute of limitations for actions brought under section 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b). 781 F.2d at 769. Our conclusion was based on the *DelCostello* analysis which applied the same six-month statute of limitations to a "hybrid" section 301/breach of the duty of fair representation action brought by an employee against his employer and union. *See id.* at 768–69, *citing DelCostello*, 462 U.S. at 172, 103 S.Ct. at 2295.

■ *Great Western* was decided nine months after the union filed the instant

action. Prior to *Great Western*, we had borrowed the state statute of limitations for the state law claim that was most analogous to a federal action to compel arbitration. The union alleges that, if we did not apply *Great Western* retroactively, its action to compel arbitration would be timely under the most closely analogous state statute of limitations. The union does not contest the district court's finding that its claim was untimely under *Great Western*. Thus, the issue before us is whether *Great Western* should be applied retroactively to bar the union's claim to compel arbitration. Whether a decision should be applied retroactively is an issue of law we review de novo. *Cf. United States v. McConney*, 728 F.2d 1195, 1201 (9th Cir.) (en banc), *cert. denied*, 469 U.S. 824, 105 S.Ct. 101, 83 L.Ed.2d 46 (1984).

█ Whether we should apply *Great Western* retroactively should be determined in light of the three factors identified in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971) (*Chevron*). First, we must determine whether *Great Western* established "a new principle of law, either by overruling clear past precedent ... or by deciding an issue of first impression whose resolution was not clearly foreshadowed." *Id.* at 106, 92 S.Ct. at 355 (citations omitted). Second, we decide " 'whether the retrospective operation [of the new rule] will further or retard its operation.' " *Id.* at 107, 92 S.Ct. at 355 (citation omitted). Finally, we look to see whether retroactive operation of the rule will " 'produce substantial inequitable results.' " *Id.* (citation omitted).

Turning to the first factor of the *Chevron* test, it is clear that *Great Western* was foreshadowed. Twenty-two months before the instant action was filed, and thirty-one months before *Great Western*, the Supreme Court held in *DelCostello* that the section 10(b) six-month statute of limitations period was appropriate for "hybrid" section 301/duty of fair representation claims. While *DelCostello* did not involve a "pure" section 301 action to compel arbitration, the Court observed in a footnote that "even if this action were considered as

arising solely under § 301 ... the objections to use of state law and the availability of a well-suited limitations period in § 10(b) would call for application of the [six-month statute of limitations]." *Id.* at 159 n. 12, 103 S.Ct. at 2287 n. 12. Although dicta, this statement foreshadowed the abandonment of applying state statutes of limitations to section 301 suits to compel arbitration. Soon after *DelCostello*, the Third Circuit ruled in *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.*, 736 F.2d 896 (3d Cir.1984) (*Westinghouse*), that the statute of limitations of section 10(b) was appropriate for suits to compel arbitration. *Westinghouse* was decided on June 12, 1984, less than three months after the employer in this case unilaterally withdrew its recognition of the union. Despite the clear import of *Westinghouse*, the union waited over ten months to bring the instant action. We draw two conclusions from *Westinghouse*. First, the fact that both appellate courts that have considered this issue have come to the same conclusion strengthens our view that adoption of the six-month statute of limitations for arbitration suits was foreshadowed by *DelCostello*. Second, even if *Great Western* was not clearly foreshadowed, *Westinghouse* put the union on constructive notice that its prospective claim might be subject to the shorter six month statute of limitations. The union was not a helpless litigant which was ambushed by a sudden change in the law. Rather, the union effectively sat on its rights. In this situation, applying the shorter statute of limitations does not lead to an inequitable result.

The union argues, however, that *DelCostello* did not foreshadow *Great Western* because we had rejected this Supreme Court statement, and the use of the section 10(b) six-month statute of limitations, in an action brought after *DelCostello* to set aside an arbitration decision. The union's reliance on this case, *United Brotherhood of Carpenters v. FMC Corp.*, 724 F.2d 815 (9th Cir.1984) (*FMC*), is misplaced. In *FMC*, we did not dispute the soundness of the proposition in *DelCostello's* footnote 12. Instead, we distinguished *DelCostello*.

We observed that the claim in footnote 12 "closely resembles an unfair labor practice charge because the employee cannot prevail unless he establishes a breach of the duty of fair representation." *FMC*, 724 F.2d at 817–18 n. 1. Because the underlying issue resembled an unfair labor practice, it was appropriate to apply the period of limitations from section 10(b). The claim in *FMC* was different:

> Rather than resembling an unfair labor practice charge, the claim by the union in this case is similar to an ordinary commercial challenge to an arbitration decision. The union's cause of action is exclusively that the arbitrator improperly interpreted and applied the collective bargaining agreement. This close resemblance to an ordinary action to vacate an arbitration award makes state arbitration law the most appropriate source for a limitation period.

*FMC*, 724 F.2d at 817. Moreover, in *FMC* we had before us a statute of limitations created by state law specifically designed to govern the vacation of arbitration awards. In contrast, no state statute of limitations directly governed the dispute in *DelCostello*.

Here, as in *DelCostello*, no state statute of limitations directly governs because no such statute is designed to expedite the invocation of arbitration. Furthermore, the underlying dispute in this case involves a representation issue and therefore resembles an unfair labor practice. Indeed, the union's initial approach was to file an unfair labor practice charge, which the Board declined to hear on jurisdictional grounds. Therefore, *FMC* did not establish that we had rejected the approach in *DelCostello's* footnote 12 for cases such as the one before us. We conclude that adoption of the limitations period of section 10(b) for suits to compel arbitration was foreseeable.

The other case relied on by the union, *International Association of Machinists v. Aloha Airlines, Inc.*, 790 F.2d 727 (9th Cir.) (*Aloha Airlines*), cert. denied, — U.S. —, 107 S.Ct. 400, 93 L.Ed.2d 354 (1986), is even less applicable. In that case, we declined to apply retroactively our decision to extend *DelCostello* to actions alleging breach of contract and breach of status quo provisions brought under the Railway Labor Act (RLA), 45 U.S.C. §§ 151–188. 790 F.2d at 736. Unlike *DelCostello* and *Great Western*, the action in *Aloha Airlines* arose under the RLA, not section 301 of the LMRA. The extension of a rule created under the LMRA to the RLA was not clearly foreshadowed. *Id.* ("it extends the rationale in *DelCostello* to cases arising under the RLA, a question which we have not previously addressed"). The case before us, *Great Western*, and *DelCostello* all arose under the LMRA.

Applying the second *Chevron* factor, whether retroactive operation of *Great Western* will further or retard the purposes of its holding, also counsels applying the six-month statute of limitations to this case. The union waited over a year after the employer repudiated the collective bargaining agreement to file this action. Arbitration must "be promptly invoked and promptly administered" because a "long period of controversy and conflict ... can poison the relationship" between the parties. *Great Western*, 781 F.2d at 766. The union's failure to seek promptly to compel arbitration resulted in the exact evils the shorter statute of limitations was designed to avoid.

Turning to the third factor, applying *Great Western* retroactively is not inequitable. In addition to the factors discussed previously, retroactive application does not leave the union in this case without a remedy. The union can bring a breach of contract action. Furthermore, the union has presented no reasons why it could not have tolled the six-month limitations period by bringing its action to compel arbitration earlier. Therefore, the district court did not err in retroactively applying *Great Western's* six-month statute of limitations to bar the union's claim to compel arbitration.

## IV

The union also asserted a second claim under section 301 seeking damages for the employer's alleged breach of the collective

bargaining agreement. The district court dismissed this claim, stating that it was also barred by the six-month statute of limitations adopted in *DelCostello*. The union argues that this holding is in conflict with *United Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) (*Hoosier Cardinal*). In *Hoosier Cardinal*, the Court ruled that "straightforward" section 301 suits alleging solely a breach of contract should be governed by the most closely analogous statute of limitations of the forum state. *Id.* at 704–05, 86 S.Ct. at 1112–13. Here, the union argues that the most closely analogous statute of limitations would be Washington's six-year statute for actions based on written contracts. Wash.Rev. Code § 4.16.040.

The employer argues in reply that *Hoosier Cardinal* is inapplicable because there was no arbitration clause involved or arbitration claim asserted in that case. Instead, the employer argues, the union's breach of contract/arbitration claim is a "hybrid" action, both halves of which are governed by *DelCostello*'s six-month statute of limitations. We are called on, therefore, to determine what statute of limitations should be applied to a breach of contract action brought under section 301 when the plaintiff fails to bring timely suit to compel arbitration under the terms of the parties' collective bargaining agreement. The selection of an appropriate statute of limitations is a question of law we review de novo. *See Aragon v. Federated Department Stores, Inc.*, 750 F.2d 1447, 1449–50 (9th Cir.), *cert. denied*, 474 U.S. 902, 106 S.Ct. 229, 88 L.Ed.2d 229 (1985).

■ Contrary to the employer's claim, the union has not brought a "hybrid" action. The Supreme Court has defined a hybrid action as one brought by an employee "against an employer and a union, alleging that the employer had breached a provision of a collective bargaining agreement, and that the union had breached its duty of fair representation by mishandling the ensuing grievance-and-arbitration proceedings." *DelCostello*, 462 U.S. at 154, 165, 103 S.Ct. at 2285, 2291. This definition has

been used consistently by the Court. *See, e.g., Bowen v. United States Postal Service*, 459 U.S. 212, 235, 103 S.Ct. 588, 601, 74 L.Ed.2d 402 (1983) (White, J., concurring and dissenting); *United Parcel Service, Inc. v. Mitchell*, 451 U.S. 56, 66, 101 S.Ct. 1559, 1566, 67 L.Ed.2d 732 (1981) (*Mitchell*) (Stewart, J., concurring). Here, the plaintiff is not an individual employee, but rather the union. The union is obviously not alleging that it breached its duty of fair representation. This is not a "hybrid" action, as that term has been defined by the Supreme Court.

More importantly, the reasons relied on by the Court in *DelCostello* for applying the federal statute of limitations are absent in this case. The primary reason the Court applied the section 10(b) statute of limitations to both parts of the section 301/duty of fair representation claims was that " 'the two claims were inextricably interdependent.' " 462 U.S. at 164–65, 103 S.Ct. at 2291, *quoting Mitchell*, 451 U.S. at 66–67, 101 S.Ct. at 1566. As the Court explained, to prevail against the union on the duty of fair representation claim, the employee had to establish that the employer breached the employment contract. To prevail against the employer, the employee had to establish that the union breached its duty of fair representation. "The employee may ... sue one defendant and not the other; but the case he must prove is the same whether he sues one, the other, or both." *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291.

The case before us is far different. The claims to compel arbitration and the breach of contract are not interdependent. The union is not alleging that the employer breached its contract by failing to arbitrate. Rather, the union is alleging that the employer's repudiation of the entire collective bargaining agreement constituted a breach of contract. To compel arbitration, the union merely has to establish that the dispute is suitable for arbitration under the terms of the parties' collective bargaining agreement. *United Steel Workers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 582, 80 S.Ct. 1347, 1353, 4 L.Ed.2d 1409 (1960); *Aloha Airlines*, 790 F.2d at 731. The breach of contract claim, on the

other hand, requires a showing of a valid contract, the terms of which were breached. The two claims are not "inextricably interdependent." *DelCostello*, 462 U.S. at 165, 103 S.Ct. at 2291. They may be interrelated but they are distinct. A court could find that the employer had a duty to arbitrate, but that there had been no breach of the underlying contract. Alternatively, the employer could have violated a clause in the contract which it had no duty to arbitrate. *See, e.g., United Steelworkers v. Phelps Dodge Corp.*, 764 F.2d 576, 579 (9th Cir.1985); *Frederick Meiswinkel, Inc. v. Laborer's Union Local 261*, 744 F.2d 1374, 1377 (9th Cir.1984), *cert. denied*, 470 U.S. 1028, 105 S.Ct. 1394, 84 L.Ed.2d 783 (1985). Unlike the plaintiff in *DelCostello*, the union in this case could prevail on one claim but lose on the other.

The other rationale supporting the Court's conclusion in *DelCostello* is also absent in this case. The Court applied the section 10(b) six-month statute of limitations in part because it was "actually designed to accommodate a balance of interests very similar to that at stake here—a statute that is, in fact, an analogy to the present lawsuit more apt than any of the suggested state-law parallels." 462 U.S. at 169, 103 S.Ct. at 2293. Despite its holding, the Court cautioned that it did "not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy." *Id.* at 171, 103 S.Ct. at 2294. Here, the Supreme Court has already ruled that the union's breach of contract claim "closely resembles an action for breach of contract cognizable at common law." *Hoosier Cardinal*, 383 U.S. at 705 n. 7, 86 S.Ct. at 1113 n. 7. Thus, unlike the hybrid suit considered in *DelCostello*, the claim here has a closely analogous state statute of limitations for us to apply.

That the union's contract with the employer contained an arbitration clause does not distinguish this case from *Hoosier Cardinal*. As stated by the Seventh Circuit when faced with a similar situation:

> The fact that the contract at issue also contained an arbitration clause does not reduce the similarity between the section

301 cause of action and a breach of contract claim. The existence of an alternate forum for the resolution of the dispute does not change the character of the legal claim.

*International Union of Elevator Constructors v. Home Elevator Co.*, 798 F.2d 222, 227–28 (7th Cir.1986) (*Elevator Constructors*). The Supreme Court has directed us to look first to state law. Because of the close resemblance of the union's claims to common-law breach of contract, we hold that the rule in *Hoosier Cardinal*, and not *DelCostello*, should be applied to the union's breach of contract claim.

Contrary to the employer's argument, our conclusion does not violate labor law policy. While rapid resolution of labor disputes is generally desirable, *see, e.g., Great Western*, 781 F.2d at 766, this policy has less importance, where, as here, the bargaining relationship between the parties has broken down. The parties could have maintained the relationship if the employer had submitted to arbitration or if the union had brought a timely suit to compel arbitration. But those opportunities having past, the six-month statute of limitations urged by the employer "would not serve to protect the bargaining relationship or the collective bargaining agreement." *Elevator Constructors*, 798 F.2d at 228 n. 5.

We are sympathetic with the district court's concern that applying *Hoosier Cardinal* has the "anomalous" result of creating a different limitations period for a suit to compel arbitration than for a breach of contract claim that conceivably could have been resolved through the arbitration process. In any event, to the extent the result is anomalous, it is required by the Supreme Court's decision in *Hoosier Cardinal*. Therefore, we remand this case to the district court for further consideration of the union's section 301 breach of contract claim, including the selection of the most appropriate state statute of limitations.

AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.

FLETCHER, Circuit Judge, dissenting:

I respectfully dissent from Part III of the majority's opinion. Consideration of

the three factors set forth in *Chevron Oil Co. v. Huson*, 404 U.S. 97, 92 S.Ct. 349, 30 L.Ed.2d 296 (1971), convinces me that retroactive application of *Teamsters Union Local 315 v. Great Western Chemical Co.*, 781 F.2d 764 (9th Cir.1986) (*Great Western*), is inappropriate.

First, I am at a loss to understand the majority's conclusion that *Great Western* was clearly foreshadowed by *DelCostello v. International Brotherhood of Teamsters*, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983). Prior to *DelCostello*, state statutes of limitations applied to *all* section 301 cases. *DelCostello* borrowed a federal six month rule for one category of those cases, hybrid cases in which the employee sued the union for breach of the duty of fair representation, in addition to suing the employer. *Great Western* applied the *DelCostello* rule, previously used in hybrid cases, to an entirely different type of proceeding—one in which a union sued to compel an employer to arbitrate. The *Great Western* court does not suggest that its result was clearly foreshadowed by *DelCostello*.

The majority asserts that the dicta in footnote 12 of *DelCostello* "foreshadowed the abandonment of applying state statutes of limitations to section 301 suits to compel arbitration." *Ante* at 1422. In the light of language used in the text of *DelCostello*, however, it cannot be said that the future applications of section 10(b) were at all predictable. The *DelCostello* Court stated:

We stress that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law or elsewhere. We do not mean to suggest that federal courts should eschew use of state limitations periods anytime state law fails to provide a perfect analogy.... On the contrary, as the courts have often discovered, there is not always an obvious state-law choice for application to a given federal cause of action; yet resort to state law *remains the norm* for borrowing limitations periods.

462 U.S. at 171, 103 S.Ct. at 2294 (citation omitted) (emphasis added). This statement, standing alone, convinces me that those who did not guess the scope of *DelCostello*'s progeny should not be penalized.

However, in addition to the plain language of *DelCostello*, we have this court's pre-*Great Western* analysis of *DelCostello*'s footnote 12. It further erodes any claim that *Great Western* was clearly foreshadowed. In *United Brotherhood of Carpenters v. FMC Corp.*, 724 F.2d 815, 817 n. 1 (9th Cir.1984) (*FMC*), we rejected a broad reading of footnote 12. Rather, we (1) noted that *DelCostello* approved the continuing use of state statutes of limitations in section 301 actions; (2) recognized the requirement that the section 301 action resemble an unfair labor practice charge before section 10(b) is applicable; and (3) emphasized that footnote 12 dealt only with section 301 actions brought by employees against employers. *Id.*[1]

The majority's attempt to distinguish *FMC* fails to convince. The majority ar-

---

**1.** Footnote 1 of *FMC Corp.*, 724 F.2d at 817, in its entirety, states as follows:

In footnote 12, the Supreme Court in *DelCostello* indicates that it would have applied the six-month limitation period of § 10(b) to the employees' suits even if the suits had been brought exclusively under § 301. 103 S.Ct. at 2287 n. 12. The union contends that footnote 12 requires that the six-month limitation period of § 10(b) be applied to all actions arising under § 301, no matter how unlike an unfair representation charge they may be.

The union reads far too much into footnote 12. The Supreme Court approves drawing a limitation period from state law when the § 301 claim does not resemble an unfair labor practice charge. *See DelCostello*, 103 S.Ct. at 2289–

90 (approving *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966), which applied the state limitation for breach of contract actions to a suit by a union alleging a violation of the collective bargaining agreement); *id.* 103 S.Ct. at 2294. Footnote 12 addresses only a § 301 action brought by an employee against the employer. Unlike the present action, that particular § 301 action should be governed by the § 10(b) limitation period; it closely resembles an unfair labor practice charge because the employee cannot prevail unless he establishes a breach of the duty of fair representation by the union. *See DelCostello*, 103 S.Ct. at 2290–91; *Hines v. Anchor Motor Freight, Inc.*, 424 U.S. 554, 570–71, 96 S.Ct. 1048, 1059, 47 L.Ed.2d 231 (1976).

gues the union should not have relied on *FMC* because here, in contrast to *FMC*, (1) there is no state statute of limitations that directly governs this dispute and (2) "the underlying dispute involves a representation issue and therefore resembles an unfair labor practice." *Ante* at 1421.

In response, first, it must be noted that under *DelCostello* "resort to state law remains the norm" even though state law may not provide a perfect analogy. 462 U.S. at 171, 103 S.Ct. at 2294. Second, regardless of the underlying dispute, the action before the district court was one to compel arbitration. It is not at all clear that an action to compel arbitration is analogous to an unfair labor practice claim. It is an action to enforce a contract;[2] the district court is not permitted to consider the merits of the underlying dispute—its only role is to decide whether the parties agreed to arbitrate the dispute. *United Steelworkers v. American Mfg. Co.*, 363 U.S. 564, 567–69, 80 S.Ct. 1343, 1346–47, 4 L.Ed.2d 1403 (1960). The *Great Western* court did not address the "closer analogy" prong of *DelCostello;* rather it adopted the conclusion of the Third Circuit in *Federation of Westinghouse Independent Salaried Unions v. Westinghouse Electric Corp.*, 736 F.2d 896 (3d Cir.1984), that the section 10(b) period should apply to actions to compel arbitration. *Great Western*, 781 F.2d at 769. The Third Circuit, to the extent it found an analogy, relied on the fact that the underlying dispute in an action to compel arbitration may involve an activity that is an unfair labor practice. *Westinghouse*, 736 F.2d at 902. This is a rather weak analogy since the *actual* dispute—whether the parties agreed to submit a particular issue to arbitration—has little in common with the typical unfair labor practice dispute. I find the union's reliance on *FMC* perfectly reasonable.

In sum, language in both *DelCostello* and *FMC* at a minimum made *Great Western's* extension of *DelCostello* to actions to compel arbitration difficult to predict. Certainly the extension was not *clearly* fore-shadowed. Thus, I would find that consideration of the first *Chevron* factor, which is also the most important, *McNaughton v. Dillingham Corp.*, 722 F.2d 1459, 1461 (9th Cir.1984), argues for the nonretroactivity of *Great Western* in this case.

As to the second *Chevron* factor, retroactive application will not further *Great Western's* goal of promoting prompt resolution of labor disputes. The union's complaint seeks *either* an order compelling arbitration *or* damages for breach of the collective bargaining agreement. Under the majority's opinion, the union may now proceed with its breach of contract claim. Judicial resolution of this dispute will take at least as long as would arbitration. Not only does this result fail to promote *Great Western's* articulated goals, it also flies in the face of the well-established and important policy of favoring resolution of labor disputes through arbitration. *See generally United Steelworkers v. Warrior & Gulf Navigation Co.*, 363 U.S. 574, 80 S.Ct. 1347, 4 L.Ed.2d 1409 (1960). *Cf. Galindo v. Stoody Co.*, 793 F.2d 1502, 1510 n. 4 (9th Cir.1986) (finding that "the policy of nonjudicial resolution of labor disputes should outweigh the policy of prompt resolution of labor disputes in cases where the pursuit of contractual remedies would toll the statute for only a few months").

Finally, application of the third *Chevron* factor, whether inequity will result from retroactive application, weighs against retroactivity: "It would also produce the most 'substantial inequitable results' ... to hold that the [union] 'slept on [its] rights' at a time when [it] could not have known the time limitation that the law imposed upon [it]." *Chevron*, 404 U.S. at 108, 92 S.Ct. at 356 (quoting *Cipriano v. City of Houma*, 395 U.S. 701, 706, 89 S.Ct. 1897, 1900, 23 L.Ed.2d 647 (1969)). Because *Great Western* was decided after this suit was filed and, to my mind, was not predictable in the least, it is unfair and unreasonable to penalize the union for its failure to act in accordance with its holding. I would

---

**2.** That rationale would suggest that *Auto Workers v. Hoosier Cardinal Corp.*, 383 U.S. 696, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966) would govern.

hold that the rule announced in *Great Western* does not apply to this case and, accordingly, that the district court erred in dismissing the union's action to compel arbitration.