LOCAL JOINT EXECUTIVE BOARD OF LAS VEGAS, BARTENDERS UNION LOCAL 165, CULINARY WORKERS' LOCAL UNION #226, Plaintiffs–Appellants,

v.

EXBER, INC., dba El Cortez Hotel, Defendant–Appellee.

No. 91–16615.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted April 14, 1993.

Decided May 28, 1993.

Andrew Kahn, McCracken, Stemerman, Bowen & Holsberry, Las Vegas, NV, for plaintiffs-appellants.

Kevin C. Efroymson, Las Vegas, NV, for defendant-appellee.

* Honorable Robert E. Jones, United States District Judge for the District of Oregon, sitting by desig-

Before CANBY, and BRUNETTI, Circuit Judges, and JONES *, District Judge.

BRUNETTI, Circuit Judge:

This appeal presents the question whether the statute of limitations in an action brought under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185 (1988), to compel arbitration, accrues only when a union receives actual notice of the employer's refusal to arbitrate, or whether constructive notice is sufficient. The trial court applied a constructive notice standard and dismissed the action. We reverse and remand.

I.

On February 16, 1989, Exber, Inc., the employer, terminated Gerald Missler, a member of the Union. The Union and the employer are parties to a collective bargaining agreement. Six days later, the Union filed a grievance protesting Missler's termination. A meeting was held in March of 1989, but the grievance was not resolved.

On August 4, 1989, the Union sent a letter to the employer requesting arbitration and asking the employer to contact the Union's attorney. The employer did not respond to the letter. Eighteen months later, the Union sent a second letter asking the employer to contact the Union regarding arbitration of the grievance. Again, the employer did not respond.

On April 5, 1991, the Union filed this lawsuit seeking to compel arbitration. The employer moved to dismiss on the ground that the suit was barred by the applicable six-month statute of limitations. The Union filed a counter-motion for summary judgment, arguing that the action had been filed within the limitations period and that the grievance was arbitrable on its face.

The trial court granted the employer's motion to dismiss and denied the Union's counter-motion. Following entry of judgment,

nation.

the Union moved for reconsideration, but was denied.

## II.

The Union filed this petition to compel arbitration pursuant to § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, which contains no express statute of limitations. This court has held that the six-month limitation period in § 10(b) of the National Labor Relations Act, 29 U.S.C. § 160(b) (1988) applies to actions to compel arbitration. *Teamster Union Local 315 v. Great Western Chemical Co.,* 781 F.2d 764, 769 (9th Cir.1986)[1].

In *Great Western,* we held that the six-month period begins to run from the time one party makes it clear that it will not submit the matter to arbitration. *Id.* at 769; *United States Postal Service v. American Postal Workers Union, ALF–CIO,* 893 F.2d 1117, 1122 (9th Cir.), *cert. denied,* 498 U.S. 820, 111 S.Ct. 67, 112 L.Ed.2d 42 (1990). *Great Western,* in developing the "makes it clear," test relied on *Federation of Westinghouse Indep. Salaried Unions v. Westinghouse Elec. Corp.,* 736 F.2d 896, 902 (3rd Cir.1984) which held that an action to compel arbitration accrues "when a party *unequivocally refuses* a demand to arbitrate" (emphasis added).

In *Westinghouse,* the Union demanded arbitration, but Westinghouse expressly refused to arbitrate. After the Union threatened a local strike, Westinghouse stated that it would be willing to arbitrate if the parties could agree on what was to be submitted to the arbitrator. The parties could not agree and the Union filed an action to compel arbitration. All of these negotiations were carried out by letters and telephone conversations. *Westinghouse,* 736 F.2d at 897–899.

After stating the general rule of when a cause of action to compel arbitration arises, the court held that in light of the correspondence between the two parties, there was a disputed issue of fact as to when Westinghouse finally refused to arbitrate. The court

remanded the resolution of that issue to the trial court. *Id.* at 902.

Similarly, in *Great Western,* the Union, in March of 1982, requested that the employer take part in the process of selecting an arbitrator. Later, in July, August and December, 1982, the Union sent several letters repeatedly informing the employer of its determination to submit the matter to arbitration pursuant to the agreement. Approximately 20 months later, on October 14, 1983, the Union sent another letter asking the employer to explain why its company refused to respond to the letters. The record contained an affidavit of the employer's vice president stating that he told the Union's business agent in early 1982 that the employer did not consider the matter arbitrable and did not intend to submit the matter to arbitration. *Great Western,* 781 F.2d at 765–766. This court remanded the case to the district court stating that there was a conflict in the evidence as to when it was "made clear" by the employer that the employer would not submit the matter to arbitration. *Id.* at 769.

In *American Postal Workers,* the United States Postal Service ("USPS") filed suit in the district court eight months after the arbitrator refused to permit a third party, the Mail Handlers, to intervene in arbitration between the American Postal Workers Union ("APWU") and the USPS. *American Postal Workers,* 893 F.2d at 1118–1119. The court stated that since the APWU failed to affirmatively plead or assert the six-month statute of limitations as a defense in the district court, the statute of limitations defense was waived. There was no determination of the facts of the employer's refusal to arbitrate since the court refused to consider the six-month limitations period for the first time on appeal. *Id.* at 1122.

While the above cases discuss and consider facts of express refusal to an arbitration demand in determining whether the statute starts running, none of the cases actually applies that rule since the case either was remanded for fact finding or the issue was waived. However, the courts in these cases nevertheless equated "unequivocal refusal"

---

**1.** We note that the Eleventh Circuit has reached a conclusion contrary to that of *Great Western;* it has held the six-month limitation to § 10(b) inappropriate for application to actions to compel

arbitration. *United Paperworks Int'l v. ITT Rayonier,* 931 F.2d 832 (11th Cir.1991). We, however, are bound by *Great Western.*

and "makes it clear" with an express refusal to arbitrate.

In accord with *Great Western, American Postal Workers,* and *Westinghouse,* we hold that for an employer to "make it clear" that it refuses to arbitrate and, therefore, to start the statute of limitations running, an unequivocal, express rejection of the union's request for arbitration must be communicated to the union. Constructive notice is not sufficient.

### III.

Because the Union never received from the employer an unequivocal, express refusal of its demand to arbitrate, the statute of limitations never commenced running. The judgment is reversed and the case is remanded for further proceedings consistent with this opinion.

REVERSED.