MEMORANDUM *
The district court properly found that Paul Pencikowski’s (“Pencikowski”) state law breach of contract and wrongful termination in violation of public policy claims against his employer The Aerospace Corporation (“TAC”) were preempted by section 301 (“ § 301”) of the Labor-Management Relations Act of 1947, 29 U.S.C. § 141, et seq. (“LMRA”). Pencikowski was a member of the Aerospace Professional Staff Association (“APSA”), and his employment was exclusively governed by the collective bargaining agreement (“CBA”) between his employer TAC and the APSA. Because resolution of Pencikowski’s state law claims would be “substantially dependent upon analysis of the terms of an agreement made between the parties in a labor contract,” those claims are preempted under § 301. Allis-Chalmers Corp. v. Lueck, 471 U.S. 202, 220, 105 S.Ct. 1904, 85 L.Ed.2d 206 (1985).
However, the district court erred in finding that § 301 claims are always subject to a six-month statute of limitations. “Congress did not provide a uniform limitations provision for § 301 suits” and the Supreme Court has been loath to devise one judicially. UAW v. Hoosier Cardinal Corp., 383 U.S. 696, 703-04, 86 S.Ct. 1107, 16 L.Ed.2d 192 (1966). Thus, in general, “the timeliness of a § 301 suit ... is to be determined, as a matter of federal law, by reference to the appropriate state statute of limitations.” Id. at 704-05, 86 S.Ct. 1107. In DelCostello v. Int’l Bhd. of Teamsters, 462 U.S. 151, 103 S.Ct. 2281, 76 L.Ed.2d 476 (1983), the Court identified an important exception to this rule: when an employee brings a so-called “hybrid” § 301 suit against both an employer for breach of contract and a union for breach of its duty of fair representation, the six-month statute of limitations from the National Labor Relations Act, section 10(b) applies. Id. at 164-65,103 S.Ct. 2281. In DelCostello, the *418 Court “stress[ed] that our holding today should not be taken as a departure from prior practice in borrowing limitations periods for federal causes of action, in labor law and elsewhere.” Id. at 171, 103 S.Ct. 2281.
In Hoosier, the Court ruled that “ ‘straightforward’ section 301 suits alleging solely a breach of contract should be governed by the most closely analogous statute of limitations in the forum state.” Gen. Teamsters Union Local No. 174 v. Trick & Murray, Inc., 828 F.2d 1418, 1423 (9th Cir.1987) (analyzing Hoosier). Pencikowski makes a similarly “straightforward” breach of contract claim here. He does not allege that the APSA breached its duty of fair representation. On the contrary, Pencikowski’s complaint specifically alleges that TAC violated the CBA by failing to notify the APSA regarding his dismissal. Moreover, while the CBA created a grievance procedure that involved the APSA, it was voluntary and did not require employees represented by APSA to use the procedure or to consult the union. Because Pencikowski did not follow the grievance procedure, and because he alleges that he was prevented from receiving the union assistance he was due, he would have no basis to bring a suit against his union for breach of fair representation. Therefore, his suit is not a “hybrid” under DelCostello, and the state statute of limitations applies.
In California, suits for a breach of written contract are subject to a four-year statute of limitations, Cal.Civ.Proc.Code § 337. Pencikowski filed suit on November 13, 2007, less than a year after he was terminated on November 21, 2006. Accordingly we remand to the district court for consideration of Pencikowski’s breach of contract claim under § 301. The parties shall bear their own costs on appeal.
AFFIRMED in part, REVERSED in part, and REMANDED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9 th Cir. R. 36-3.