NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

OCT 28 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| ABIGAIL THOMPSON, | No. 20-55771 |
| Plaintiff-Appellant, | D.C. No. 2:19-cv-04876-GW-SK |
| v. | |
| LOS ROBLES REGIONAL MEDICAL CENTER, a California corporation; et al., | MEMORANDUM[*] |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted October 18, 2021
Pasadena, California

Before: CALLAHAN and FORREST, Circuit Judges, and AMON,[**] District Judge.

Plaintiff-Appellant Abigail Thompson appeals from the district court's dismissal without leave to amend of her hybrid action brought under Section 301 of the Labor Management Relations Act. Having jurisdiction under 28 U.S.C. § 1291,

---

[*]      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]      The Honorable Carol Bagley Amon, United States District Judge for the Eastern District of New York, sitting by designation.

we reverse and remand with instructions for the district court to allow Thompson to file an amended complaint.

A district court should give leave to amend "freely" but may deny leave to amend when amendment would be futile. Fed. R. Civ. P. 15(a)(2); *Sonoma Cty. Ass'n of Retired Emps. v. Sonoma Cty.*, 708 F.3d 1109, 1117 (9th Cir. 2013). Amendment is futile only if "no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense." *Missouri ex rel. Koster v. Harris*, 847 F.3d 646, 656 (9th Cir. 2017) (quoting *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988)).

Citing *Metz v. Tootsie Roll Industries, Inc.*, 715 F.2d 299 (7th Cir. 1983), the district court issued a tentative ruling concluding that Thompson's claim was untimely. Specifically, the district court determined that Thompson should have been on notice that her grievance was dropped after certain procedural deadlines specified in the applicable collective bargaining agreement (CBA) were missed. *See Teamsters Union Local 315 v. Great W. Chem. Co.*, 781 F.2d 764, 769 (9th Cir. 1986). Thompson disputed the tentative ruling, arguing she had no reason to know her grievance had been dropped because it was "common knowledge" that Appellees routinely ignored the CBA's deadlines. She further argued she should be allowed to amend to show that her claim was timely under principles of equitable estoppel and equitable tolling.

2

Rather than allowing Thompson to amend, the district court gave her 10 days to file an offer of proof showing her claim was timely, which she filed. But the district court did not accept Thompson's factual allegations as true and construe them in her favor in deciding whether the allegations constituted a set of facts that could possibly establish timeliness. *See Rowe v. Educ. Credit Mgmt. Corp.*, 559 F.3d 1028, 1029–30 (9th Cir. 2009). Instead, it considered the merits of her assertions, including questioning the "reliability" of the declarations that Thompson submitted and seemingly requiring Thompson to provide evidence in support of her allegations. This was improper at the pleading stage.

Although we do not opine on the likelihood of success of Thompson's claims, taking as true her allegations that Appellees routinely ignored the CBA deadlines and that this practice was widely known raises a possibility that she did not have reason to know more than six months before she filed suit that her grievance had been dropped. *See Huseman v. Icicle Seafoods, Inc.*, 471 F.3d 1116, 1120–21 (9th Cir. 2006) (discussing equitable doctrines related to timeliness). Thus, we cannot say definitively at this point that there is no set of facts that would establish for pleading purposes that Thompson's claim is timely.

**REVERSED AND REMANDED.**